[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
This case, which concerns the enforceability of a home improvement contract, comes before this court for additional argument after the granting of a motion to reargue.
By a memorandum of decision filed on May 2, 1995, this court enjoined the arbitration of a dispute arising from a home improvement contract for the reason that the agreement to arbitrate, which is part of the contract, is unenforceable because the contract itself is unenforceable by the contractor pursuant to General Statutes § 20-429(a). [14 Conn. L. Rptr. 8, 253 (July 10, 1995).*]. That statute provides that "[n]o home improvement contract shall be valid or enforceable against an owner unless it . . . (8) is entered into by a registered salesman or registered contractor."
The court has found that the contractor, Christopher O'Connor, had registered as a home improvement contractor in 1990 and that he was so registered in calendar year 1993 under a registration in effect until December 1, 1993. The court has also found that Mr. O'Connor mislaid his registration application for the annual term beginning on December 1, 1993 and that he did not complete the renewal until October 1994.
The defendant claims that pursuant to General Statutes § 20-427(f), prior to its amendment by P.A. 94-36, he continued to be a registered contractor in July 1994, when he entered into the contract at issue. General Statutes § 20-427(f), as it existed in July 1994, provided as follows:
 (f) A contractor or salesman whose certificate has expired more than one month before his application for renewal is made shall have his registration restored upon payment of a fee of twenty dollars in addition to his renewal fee. Restoration of a registration shall be effective upon approval CT Page 7227 of the application for renewal by the commissioner.
Section 20-427(g) provided as follows in July 1994:
 (g) A certificate shall not be restored unless it is renewed not later than one year after its expiration.
Mr. O'Connor argues that because he renewed his registration in October 1994, within a year of its renewal date, his registration status was restored to him for the period from December 1, 1993 to October 1994, such that he was a registered home improvement contractor in July 1994 when he contracted with the plaintiff.
In P.A. 94-36, the General Assembly amended § 20-427(f) to provide as follows: "All certificates issued under the provision of this chapter shall expire annually. The fee for renewal of a certificate shall be the same as the fee charged for an original application." P.A. 94-36 made no changes in § 20-427(g), set forth above. It abolished a system that had been set forth in § 20-427(d) and (e) by which the renewal date of a contractor's registration was keyed to the initial letter of his name, such that not all home improvement registrations expired on the same date and such that prorated fees were charged.
Construction of the language of § 20-427(f) and (g) must be approached according to well established principles of statutory construction designed to further the courts' fundamental objective of ascertaining and giving effect to the apparent intent of the legislature. Connecticut National Bank v. Giacomi, 233 Conn. 304,318 (1995); State v. Kozlowski, 199 Conn. 667, 673 (1986); Hayes v.Smith, 194 Conn. 52, 57 (1984).
 In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter.
Connecticut National Bank v. Giacomi, 233 Conn. 303-04, citing CT Page 7228Dart Bogue Co. v. Slosberg, 202 Conn. 566, 572 (1987); TexacoRefining Marketing Co. v. Commissioner, 202 Conn. 583, 589 (1987).
On their face, the sections of § 20-427 on which the defendants rely do not provide that a contractor whose registration expires is deemed registered retroactively upon renewing the registration at a later date within a year following the expiration. The defendants' suggestion that use of the word "restoration" should be interpreted to mean that registration is restored not only as of the date of active renewal, but retroactively to dates before that renewal is not supported by the words of the statute itself.
Other provisions in the Home Improvement Act as it existed in July 1994 suggest that the defendants' interpretation of "restoration" is wrong. General Statutes § 20-427(b) prohibited a person from "(4) us[ing] or attempt[ing] to use a certificate which has expired or which has been suspended or revoked." Subsection (5) of § 20-427 prohibits a contractor from "offer[ing] to make or [making] any home improvement without having a current certificate of registration under this chapter."
Both of these provision strongly suggest that a contractor's registration had to be in effect at the time of entering into the contract, not at some earlier or later time; and this court must harmonized the various sections of the statute, not interpret them in a way that creates conflict. Where some provisions of the Home Improvement Act forbid a contractor from proceeding if his registration has expired, other provisions cannot logically be construed to allow such conduct if the contractor, months later, renews the expired certificate.
The defendants have objected that this court has given too much emphasis to the affidavit of the acting Commissioner of Consumer Protection. For purpose of clarity, this court notes that it has considered the factual statements in the affidavit that was entered into evidence without objection; however, the court has reached its own determination of the law, pursuant to BridgeportHospital v. Commissioner on Human Rights and Opportunities,232 Conn. 91, 109 (1995).
The court has not adverted to the evidentiary material attached to the defendants' motion to reargue because it was not presented at the evidentiary hearing and no motion was filed to open the evidence in order to present it. CT Page 7229
Upon reargument, this court has determined that the defendants have not established the existence of any legal provision that would lead to a conclusion different from the one the court reached in its May 2 ruling.
Beverly J. Hodgson Judge of the Superior Court